Thomas A. Saenz (Cal. Bar No. 159430)
Andres Holguin-Flores (Cal. Bar No. 305860)
Deylin O. Thrift-Viveros (Cal. Bar No. 306873)*
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email: tsaenz@maldef.org
       aholguin-flores@maldef.org
       dthrift-viveros@maldef.org

*Attorneys for Plaintiff*
*and the Proposed Class*

*\*Pending admission*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| KARLA AYALA, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VALLEY FIRST CREDIT UNION,<br><br>Defendant. | Case No.: 22-cv-398<br><br>**COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1981 AND CALIFORNIA STATE LAW; INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Karla Ayala ("Plaintiff" or "Ayala"), individually and on behalf of all others similarly situated, by her attorneys brings the following allegations, based upon information and belief, against Defendant Valley First Credit Union ("Defendant" or "Valley First"):

## INTRODUCTION

1. Defendant Valley First follows a policy of denying full access to membership and financial products to applicants who are not United States citizens or Lawful Permanent Residents ("LPRs").

2. Plaintiff and members of the Class she seeks to represent were and are unable to access Defendant's financial services without unequal conditions imposed upon them based on their immigration status.  Plaintiff brings this case against Valley First for unlawful discrimination on the basis of alienage in violation of the Civil Rights Act of 1866, as codified at 42 U.S.C. § 1981 ("Section 1981"), and the Unruh Civil Rights Act, as codified at California Civil Code §§ 51, *et seq*.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's Section 1981 claims under 28 U.S.C. § 1331, 28 U.S.C § 1343(a)(3) and (4), and 28 U.S.C. § 1357.  This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

4. This court has jurisdiction under 28 U.S.C. §§ 2201 and 2202, the Declaratory Judgments Act, and Federal Rules of Civil Procedure 57 and 65 to grant the declaratory and injunctive relief requested by Plaintiffs.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

**Plaintiff**

6. Plaintiff Karla Ayala is a resident of Turlock, California and has been a DACA recipient since 2012.  As a DACA recipient, Plaintiff Ayala is authorized to work in the United States and has a Social Security Number.  Plaintiff Ayala resided in Turlock on the date she

- 1 -

CLASS ACTION COMPLAINT

1 applied for membership with Defendant, and on the date she applied for a personal loan from
2 Defendant and was unlawfully denied.

3      7.      Plaintiff and members of the Class she seeks to represent were subjected to the
4 violations described in this Complaint.

**Defendant**

6      8.      Defendant Valley First is a member-owned credit union that serves the California
7 Central Valley.

8      9.      Valley First is headquartered in Modesto, California and maintains eight locations
9 in the Central Valley.

10     10.     Membership is available to those who live, work, worship, or attend school in the
11 Central Valley.  Other individuals can apply for membership, banking services, and products if
12 they are employed with a specific employer group or are an immediate family member of a
13 current member at the credit union.

14     11.     Valley First offers consumers a range of financial and credit products, including
15 savings and checking accounts, personal loans, auto loans, home equity loans, and home
16 mortgages.

**STATEMENT OF FACTS**

18     12.     This action is brought on behalf of Plaintiff and members of the proposed Plaintiff
19 Class.  This class seeks damages, declaratory and injunctive relief.

**Plaintiff Ayala**

21     13.     Plaintiff Ayala is a recipient of DACA, and has been since 2012.  Since that time,
22 she has continuously possessed an employment authorization card and a Social Security Number.

23     14.     In or around October 2021, Valley First hired Plaintiff Ayala to work as a virtual
24 teller for the credit union's headquarters in Modesto, California.

25     15.     In late October 2021, Plaintiff Ayala applied for a personal loan through the
26 Valley First website.  On November 1, 2021, a Valley First loan service specialist, Amanda
27 Edwards, sent Plaintiff Ayala an email informing her that her application for a $7,000 personal

1  loan had been approved.  Edwards instructed Plaintiff Ayala that to receive the loan, she had to
2  become a member of the credit union, open a savings account, pay a membership fee and upload
3  a copy of her Social Security Card.

4      16.    On or around November 4, 2021, Plaintiff Ayala applied for membership and a
5  savings account with Valley First through its online portal.  Valley First denied Plaintiff Ayala
6  the ability to establish membership.  Plaintiff Ayala immediately sent an email to Edwards
7  informing her of the denial.

8      17.    On or around November 5, 2021, Plaintiff Ayala received a voicemail from
9  Edwards, who told Ayala that Valley First "is unable to establish membership with a work-only
10 social security number, so we are unable to fund your loan."  Plaintiff Ayala emailed Edwards,
11 stating "I saw that I did not get approved for [a] loan, I just wanted to make sure even if I work
12 for VFCU I won't get approved?"  Edwards responded: "That is correct.  I brought it to my
13 manager[']s attention and it was taken further up.  I am sorry."

14     18.    On or around November 14, 2021, Valley First sent Plaintiff Ayala an "Adverse
15 Action Notice."  Under "Principal Reason(s) for Credit Denial, Termination, or Other Action
16 Taken," the box for "You are not eligible for membership in this credit union" is marked.

17     19.    Plaintiff Ayala suffered harm as a result of Valley First's denial of membership
18 and of her loan application because of her alienage and immigration status.  Valley First's denial
19 of her application caused Plaintiff Ayala to suffer damages, including emotional distress and
20 potential negative effects on her credit score.

21     20.    Valley First's denial of her application caused Plaintiff Ayala to feel the
22 deleterious effects of discrimination.

23 **Valley First's Policies Are Unlawful and Harmed Plaintiffs**

24     21.    Valley First's denial of membership and services because of its limited and
25 arbitrary alienage and immigration status requirements is a violation of 42 U.S.C. § 1981.

26     22.    Valley First's denial of membership and services to Plaintiff because of her
27 alienage and immigration status violates the California Unruh Civil Rights Act.

28

- 3 -

23. There is an actual and substantial controversy between Plaintiff and Valley First.

## CLASS ACTION ALLEGATIONS

24. Plaintiff incorporates by reference the allegations raised in all preceding paragraphs.

25. Plaintiff brings this action on behalf of herself and all others similarly situated under Rule 23 of the Federal Rules of Civil Procedure.

26. Plaintiff seeks to represent the following class, composed of, and defined as follows:

> All persons who attempted to apply for membership or a financial product from Valley First but were denied full and equal consideration by Valley First on the basis of their alienage or immigration status.

27. Plaintiff may amend the above class definition as permitted or required by this Court. This action has been brought and may be properly maintained as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure because all of the prerequisites for class treatment are met.

### Rule 23(a)(1) – Numerosity

28. The potential members of the Class as defined are so numerous that joinder is impracticable.

29. On information and belief, Defendant's records will provide information as to the number and location of the Class Members, which will allow the class to be ascertained.

### Rule 23(a)(2) – Common Questions of Law and Fact

30. There are questions of law and fact common to the Class predominating over any questions affecting only Plaintiff or any other individual Class Members.

31. These common questions of law and fact include, without limitation:

a. Whether it is Valley First's policy to reject applicants for financial products because they are not U.S. citizens or permanent residents;

b. Whether Valley First violated 42 U.S.C. § 1981 by denying the full and equal right to contract to Plaintiff and the Class Members on the basis of alienage;

c. Whether Valley First violated the California Unruh Civil Rights Act by denying full and equal access to its services to Plaintiff and the Class Members on the basis of their immigration statuses;

d. Whether Plaintiff and the Class Members are entitled to declaratory, injunctive, and other equitable relief; and

e. Whether Plaintiff and the Class Members are entitled to damages and any other available relief.

**Rule 23(a)(3) – Typicality**

32. The claims of the named Plaintiff are typically of the claims of the Class. Plaintiff and all Class Members sustained injuries and damages arising out of and caused by Defendant's common course of conduct and common policies in violation of federal and California laws, regulations, and statutes as alleged here.

**Rule 23(a)(4) – Adequacy of Representation**

33. Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

34. Plaintiff has retained counsel competent and experienced in complex litigation and discrimination class actions.

**Rule 23(b)(2) – Declaratory, Equitable, and Injunctive Relief**

35. Class certification is appropriate because Valley First has acted and/or refused to act on grounds generally applicable to the Class Members. Valley First's actions make appropriate declaratory, equitable, and injunctive relief with respect to Plaintiff and the Class Members as a whole.

36. Valley First excludes Class Members outright from banking products and services on the basis of alienage and immigration status. The Class Members are entitled to declaratory, equitable, and injunctive relief to end Valley First's common, unfair, and discriminatory policies.

**Rule 23(b)(3) – Superiority of Class Action**

37. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members. Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendant's unlawful policies and practices of discriminating on the basis of immigration status and denying full and equal access to Defendant's services.

38. No other litigation concerning this controversy has been commenced by Class Members.

39. Class action treatment will allow those similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. It is unlikely that Class Members have any interest in individually controlling separate actions in this case. The Class Members have been damaged and are entitled to recovery of statutory penalties under the Unruh Civil Rights Act and other damages because of Valley First's discriminatory policies. Damages are capable of measurement on a class-wide basis. Plaintiff and Class Members will rely on common evidence to resolve their legal and factual questions, including the applicable membership and banking policies and practices in the relevant period.

40. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action. The benefits of maintaining this action on a class basis far outweigh any administrative burden in managing the class action. Conducting the case as a class action would be far less burdensome than prosecuting numerous individual actions.

**FIRST CLAIM FOR RELIEF**
**Alienage Discrimination**
**(42 U.S.C. § 1981)**

41. Plaintiff incorporates by reference the allegations raised in all preceding paragraphs.

42. Plaintiff brings this claim on her own behalf and on behalf of the Class.

- 6 -

43. Plaintiff and Class Members are persons within the jurisdiction of the United States.

44. Plaintiff and Class Members are non-citizens.

45. Plaintiff and Class Members have the right to make and enforce contracts in the United States and are entitled to the full and equal benefits of the law.

46. Defendant conducts business in the United States and, as such, is obligated to comply with the provisions of 42 U.S.C. § 1981.

47. Defendant intentionally discriminated against Plaintiff and members of the Class on the basis of alienage by denying them the opportunity to become members and acquire financial products.

48. Defendant intentionally discriminated against Plaintiff and members of the Class by interfering with their right to make and enforce contracts for membership and banking products on the basis of alienage.

49. Plaintiff and Class Members have no plain, adequate, or complete remedy at law to redress the wrongs alleged here. Plaintiff and Class Members request that the Court issue a permanent injunction ordering Defendant to alter its membership and banking policies and practices to prevent further violations on the basis of alienage.

50. Plaintiff and Class Members are now suffering, and will continue to suffer, irreparable injury from Valley First's discriminatory acts and omissions.

**SECOND CLAIM FOR RELIEF**
**Violation of the Unruh Civil Rights Act**
**(California Civil Code §§ 51, *et seq.*)**

51. Plaintiff incorporates by reference the allegations raised in all preceding paragraphs.

52. Plaintiff brings this claim on her own behalf and on behalf of the Class.

53. Defendant conducts business within the jurisdiction of the State of California and, as such, is obligated to comply with the provisions of the Unruh Act, California Civil Code §§ 51, *et seq*.

54. Plaintiff and class members are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever no matter their immigration status, and no business establishment of any kind whatsoever may refuse to contract with Plaintiff and Class Members because of or due in part to their immigration status.

55. Defendant violated the Unruh Civil Rights Act by denying Plaintiff and members of the Class the opportunity to become members and acquire financial products.

56. Under Section 52(a) of the Unruh Civil Rights Act, Plaintiff and members of the Class are entitled to actual damages suffered, statutory damages of up to three times the amount of actual damages suffered per violation, but no less than $4,000, and attorneys' fees.

57. Under Section 52(c), Plaintiff requests that this Court issue a permanent injunction ordering Defendant to alter its membership and lending policies and practices to prevent future discrimination on the basis of an applicant's immigration status and to prevent further violations of the Unruh Civil Rights Act.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and the Class she seeks to represent pray for relief as follows:

i. Certification of the case as a class action on behalf of the proposed Class Members;

ii. Designation of Plaintiff as class representative on behalf of the Class;

iii. Designation of Plaintiff's counsel of record as Class Counsel;

iv. That this Court issue a declaratory judgment that Defendant's policies and practices complained of are unlawful and violate 42 U.S.C. § 1981 and the California Unruh Civil Rights Act;

v. A preliminary and permanent injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful policies and practices set forth;

      vi.     That this Court award statutory and compensatory damages to Plaintiff and the Class Members in an amount to be determined at trial;

      vii.    That this court award to Plaintiff and Class Members reasonable attorneys' fees and costs to the extent allowable by law; and

      viii.   For such other and further relief as the Court deems just and proper.

Dated: June 1, 2022

Respectfully submitted,

    MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND

/s/ Andres Holguin-Flores
Andres Holguin-Flores
Thomas A. Saenz
Deylin O. Thrift-Viveros
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND

*Attorneys for Plaintiff and the Proposed Class*

- 9 -

CLASS ACTION COMPLAINT