UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA AYALA, an individual and on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY FIRST CREDIT UNION,<br><br>Defendant. | Case No. 1:22-cv-000657-HBK<br><br>ORDER DENYING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITHOUT PREJUDICE[1]<br><br>(Doc. No. 14) |

Currently before the Court is Plaintiff Karla Ayala's ("Plaintiff" or "Ayala") unopposed Motion for Preliminary Approval of Class Action, filed on February 13, 2023. (Doc. No. 14, "Motion"). Filed in support of Plaintiff's Motion is a declaration from the proposed class counsel. (Doc. No. 15, "Declaration"). Attached to the Declaration is the Settlement Agreement and Release, Long and Short Form Notices (*Id*. at 10-30),[2] and the proposed settlement administrator's brochure outlining its experience and services (*Id*. at 32-43). For the reasons stated herein, the Court denies the motion without prejudice.

////

---

[1] On September 7, 2023, the district court reassigned this case to the undersigned upon the parties' consent. (Doc. No. 20).

[2] The Court refers to the page numbers as they appear in CM/ECF, not how they appear at the bottom of the party's pleadings or motions.

**BACKGROUND**

Plaintiff Karla Ayala ("Ayala") filed the present action on June 1, 2022 on behalf of herself and others similarly situated. (Doc. No. 1). Asserting subject matter jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction 28 U.S.C. § 1331, Plaintiff brings this action for violations of 42 U.S.C. § 1981 and California Civil Code §§ 51, et seq., also known as the Unruh Civil Rights Act ("Unruh Act"). (*Id.* at 2).

Plaintiff is a resident of Turlock, California, and a Deferred Action for Childhood Arrivals ("DACA") recipient. (*Id.*). Because Plaintiff is a DACA recipient, she is authorized to work in the United States and has a Social Security Number. (*Id.*). Plaintiff's claims are based on Valley First Credit Union ("Defendant" or "Valley First") denying her a personal loan and membership to Valley First because she could provide a "work only" Social Security Number. (*Id.* at 3-5, 7-9; Doc. No. 14 at 5-6). Plaintiff contends that Valley First intentionally discriminates against applicants who are not United States citizens or Lawful Permanent Residents with policies to deny membership to such applicants. (Doc. No. 1 at 7-9). Plaintiff asserts that Defendant's policies violate 42 U.S.C. § 1981 and the Unruh Act. (*Id.*). At the outset of this case, Plaintiff sought to represent all persons who attempted to apply for membership or a financial product from Valley First but were denied membership on a basis of their alienage or immigration status. (*Id.* at 5).

The proposed settlement includes the following terms relevant to this Order:

**1. Settlement Class**

The proposed settlement class is defined as:

> [T]he 48 individuals who, according to Defendant's records, were legally residing in California and applied for membership with Defendant from June 1, 2020 through June 1, 2022 using a "work only" social security number and were denied membership based solely on their lack of U.S citizenship.

(Doc. No. 15 at 12 ¶ 1(d)). There are 48 class members. (*Id.*).

**2. Settlement Fund**

The gross settlement amount is $120,000.00. (Doc. No. 15 at 6 ¶ 17, 13 ¶ 1(s)). This amounts to each class member receiving an individual settlement payment of $2,500.00. (*Id.* at 6

1  ¶ 17, 13 ¶ 1(l), 18 ¶ 11(d)(iv)). Individual settlement payments will be paid by checks made
2  payable and mailed to each class member. (Id. at 13 ¶ 1(l), 18(d)(iv). If a check is uncashed for
3  150 days after it is mailed, then those funds will be paid to a charitable organization as cy press
4  award. (*Id.* at 18 ¶ 11(d)(iv), 12). No portion of the gross settlement amount will revert to the
5  Defendant. (*Id.* at 18 ¶ 11(e)).

### 3. Attorney's Fees and Expenses

Proposed class counsel will file motion seeking the Court's approval for its attorneys' fees and costs which will be determined by the Court pursuant to the final approval order. (Doc. No. 14 at 8 ¶ F; Doc. No. 15 at 17 ¶ 11(d)(i)). Proposed class counsel will use the lodestar method to determine their requested attorneys' fees. (Doc. No. 15 at 17 ¶(d)(i)). Defendants will pay the attorneys' fees and costs in addition to the Settlement Fund payable to the class members. (Doc. No. 14 at 8 ¶ F). Defendant will not oppose attorney's fees of up to $50,000.00. (Doc. No. 15 at 17 ¶(d)(i)).

### 4. Class Representative Incentive Award

Ayala, the named Plaintiff, will be entitled to an incentive award of up to $5,000.00. (*Id.* at 17 ¶(d)(ii)). Defendant will not oppose a service award of up to $5,000.00. (*Id.*). The incentive award will not be paid from the Settlement Fund but will also be paid separately by the Defendant. (*Id.* at 13 ¶ 1(s)).

### 5. Settlement Administrator's Fees

The estimated fees and costs for the Settlement Administrator is $10,000.00. (*Id.* at 17 ¶(d)(iii)). The Defendant will pay the Settlement Administrator's fees and costs. (*Id.*). The Settlement Administrator is not entitled to any funds, or remaining funds, from the Settlement Fund. (*Id.*).

### 6. Corrective Action

As a part of the settlement agreement, Defendant has ceased denying applicants membership based solely on their alienage or lack of U.S. citizenship. (*Id.* at 13 ¶ 2).

### 7. Notice

Notice will be given to class members via a Long Form and Short Form Notice. (*Id.* at 13

¶ 1(m), (p)).  The Long Form Notice is attached to the proposed class counsel's Declaration as Exhibit 1 and will be posted in English and Spanish on the Settlement Website.  (*Id*. at ¶ 1(m); *see also Id*. at 23-29).  The Short Form Notice is attached to the proposed class counsel's Declaration as Exhibit 2 and will be sent by mail, in English and Spanish, to the class members.  (*Id*. at ¶ 1(p); *see also Id*. at 30).

## APPLICABLE LAW

"Courts reviewing class action settlements must ensure[] that unnamed class members are protected from unjust or unfair settlements affecting their rights, while also accounting for the strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1121 (9th Cir. 2020) (quotations and citations omitted).  Where parties reach a settlement agreement prior to class certification, "courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement."  *Staton v. Boeing Co.,* 327 F.3d 938, 952 (9th Cir. 2003).

Preliminary approval of a settlement and notice to the proposed class is appropriate if "[1] the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls with the range of possible approval . . .."  *Criswell v. Boudreaux*, No. 1:20-cv-01048-DAD-SAB, 2021 WL 4461640, at *3 (E.D. Cal. Sept. 29, 2021) (citations omitted).

## ANALYSIS

**A. Serious, Informed, Non-Collusive Negotiations**

    **1. Arm's-Length Negations**

A factor the court may consider determining if a settlement is fair, reasonable, and adequate is whether the proposed settlement was negotiated at arm's-length.  Fed. R. Civ. P. 23(e)(2)(B).  "[T]he Court must ensure that the parties reached their settlement through arms-length negotiation and that 'the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties.'"  *Martinelli v. Johnson & Johnson*, 2022 WL 4123874, *4 (E.D. Cal. Sept. 9, 2022) (quoting *Officers for Just. v. Civil Serv. Comm'n of City &*

4

*Cnty. of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982)). "[I]t is appropriate for the court to consider the procedure by which the parties arrived at their settlement to determine whether the settlement is truly the product of arm's length bargaining rather than the product of collusion or fraud." *Millan v. Cascade Water Services, Inc.*, 310 F.R.D. 593, 613 (E.D. Cal. Oct. 8, 2015) (citations omitted). While mediation supports the conclusion that the settlement was not the product of collusion, the presence of a mediator, on its own, is not dispositive of whether the settlement agreement is fair, adequate, and reasonable. *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 948 (9th Cir. 2011); *Martinelli*, 2022 WL 4123874, at *4 (citing *Palacious v. Penny Newman Grain, Inc.*, 2015 WL 4078135, at *8 (E.D. Cal. Jul. 6, 2016))

In Plaintiff's Motion as well as proposed class counsel's Declaration, the negotiations are described as "arm's-length," however, there is no explanation as to how the negotiations were conducted at arm's-length. The Court cannot determine whether a mediator was present, if parties used another form of alternative dispute resolution, or if parties negotiated directly. As stated *supra*, it is the Court's responsibility to ensure the class members are protected from unjust and unfair settlements as well as ensure negotiations were non-collusive. While the presence of a mediator does not, in and of itself, mean the settlement agreement is fair, adequate, and reasonable, the Court cannot perform its responsibilities without more information as to how the negotiations were conducted. Thus, the Court denies the Motion without prejudice subject to a renewed motion to expand and/or clarify the "arm's-length" negotiation.

### 2. Clear Sailing Provision

A "clear sailing" provision exists when parties agree to "the payment of attorneys' fees separate and apart from the class funds[.]" *Bluetooth*, 654 F.3d at 947. "[T]he Ninth Circuit has recognized that a "clear sailing" arrangement exists when a defendant expressly agrees not to oppose an award of attorney's fees up to an agreed upon amount." *Swain v. Anders Group, LLC*, 2023 WL 29676368, at *10 (E.D. Cal. Apr. 17, 2023) (citing *Lane v. Facebook, Inc.*, 696 F.3d 811, 832 (9th Cir. 2012); *Bluetooth*, 654 F.3d at 947). The existence of a "clear sailing" provision requires the court to investigate the provisions of a settlement agreement with heightened scrutiny because a "clear sailing" provision "increases the likelihood that class

counsel will have bargained away something of value to the class." *Bluetooth*, 654 F.3d at 948 (quoting *Weinberger v. Great Northern Nekoosa Corp.*, 925 F.3d 518, 525 (1st Cir. 1991)). Nonetheless, "clear sailing" provisions are not prohibited. *Id*. at 949; *see also McKinney-Drobnis v. Oreshack*, 16 F.4th 594, 610 (9th Cir. 2021).

Here, the parties agree that the Defendant will not object to attorney's fees up to $50,000.00.[3] Thus, the settlement agreement includes the same "clear sailing" provision contemplated by *Bluetooth*. As discussed above, because there is a "clear sailing" provision, the Court must consider the provisions of the settlement agreement with heightened scrutiny. As discussed *supra*, the parties are required to provide more information pertaining to how negotiations were conducted which may address some of the Court's concerns surrounding the "clear sailing" provision. However, there is no discussion in the Motion or proposed class counsel's Declaration about the length or amount of discovery that was conducted in this case. Because the Court needs to conduct a heightened scrutiny review, the parties must inform the Court about the amount and length of discovery conducted prior to settlement negotiations and whether the discovery adequately informed the parties of the strength and weaknesses of their respective case. *See Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 454 (E.D. Cal. May 14, 2013) ("approval of a class action is proper as long as discovery allowed the parties to form a clear view of the strengths and weaknesses of their cases.") (citation omitted). Thus, the Court will deny the Motion without prejudice subject to a renewed motion to expand and/or clarify these issues.

### B. Obvious Deficiency

#### 1. Cy Pres

---

[3] Notably, $50,000.00 of the $120,000.00 Settlement Fund equates to nearly 42% of the gross settlement. While the proposed class counsel has not yet moved for attorneys' fees or indicated how much the requested attorneys' fees will be, the Ninth Circuit has held that 25% of the settlement fund is the "benchmark" for a reasonable award of attorneys' fees. *Bluetooth*, 654 F.3d at 942, 943 ("Several courts have embraced the constructive common fund approach, warning that 'private agreements to structure artificially separate fee and settlement arrangements' should not enable parties to circumvent the 25% benchmark requirement on 'what is economic reality a common fund situation.'") (quoting *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55. F.3d 768, 821 (3d Cir. 1995); citing *Johnston v. Comerica Mortg. Corps.*, 83 F.3d 241, 246 (8th Cir. 1996)).

6

"A court cannot approve a settlement that 'fails to identify the cy pres recipients.'" *Flores v. TFI International Inc.*, 2019 WL 1715180, at *8 (N.D. Cal. Apr. 17, 2019) (bracket omitted) (quoting *Dennis v. Kellogg Co.*, 637 F.3d 858, 867 (9th Cir. 2012)). There must be "a driving nexus between the plaintiff class and the cy pres beneficiaries." *Dennis*, 637 F.3d at 865 (quoting *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011)).

According to the settlement agreement, "Unclaimed Settlement Funds," i.e., any uncashed checks made payable to class members—"Individual Settlement Payment" checks—will be disbursed to the cy pres recipient award. (Doc. No. 15 at 18, ¶ 12). The charitable organization is not identified in the Motion, proposed class counsel's Declaration, or the settlement agreement. Parties must identify the cy pres recipient and provide sufficient information to show the "driving nexus" between the plaintiff class and the cy pres beneficiaries. *See Flores*, 2019 WL 1715180, at *8 (holding that it is the parties' burden to show the driving nexus between the plaintiff class and the cy pres beneficiaries) (citation omitted). As a result, because the parties have not identified the cy pres recipient or met their burden by showing a driving nexus between the plaintiff class and the cy pres recipient, Plaintiff's Motion is denied without prejudice subject to a renewed motion to correct this issue.

### 2. Release

A notice must inform the class members of "the binding effect of a class judgment…under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(3)(vii). The Court is concerned that neither the Long nor Short Form Notices informs class members about the claims that are being released under the Settlement Agreement and what effects participating in the class will have. Parties must amend either the Long or Short Form Notice to inform the class members what claims they are releasing under the Settlement Agreement and of the judgment's binding effect. Thus, the Court will deny the Motion without prejudice subject to a renewed motion to correct this issue.

### C. Preferential Treatment

Incentive awards are "fairly typical in class action cases." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). A plaintiff must provide the necessary information needed for the court to evaluate his or her incentive award. *Crump v. Hyatt Corp.*, 2022 WL

2239835, *5 (N.D. Cal. Jun. 17, 2022) (citing *Stanton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003)).  There is no precise method for calculating the amount of an appropriate service award; such awards are intended to compensate the plaintiff for work performed on behalf of the class and to make up for financial or reputational risk.  *Roes, 1-2 v. SFBC Management, LLC*, 944 F.3d 1045, 1057-58 (9th Cir. 2019).  When evaluating incentive awards, courts may also consider general or specific evidence of potential workplace retaliation or reputational risk.  *See, e.g., Staton v. Boeing Co.,* 327 F.3d 938, 977 (9th Cir. 2003); *Arredondo v. Southwestern & Pacific Specialty, Inc.*, 2022 WL 2052681, at * 2-3 (E.D. Cal. Jun. 7, 2022).

The Motion and settlement agreement indicates Plaintiff, will receive an incentive or service award" up to $5,000.00.  However, there is no declaration from the Plaintiff or any information in either the Motion or in proposed class counsel's Declaration describing the work performed by Plaintiff, the financial or reputational risk undertaken by Plaintiff, or any workplace or reputational risk she experienced.  Without any factual detail regarding her contribution to the action, the Court cannot determine whether an incentive award of up to $5,000.00 constitutes preferential treatment.  *Rodriguez v. Danell Custom Harvesting, LLC*, 293 F. Supp. 3d 1117, 1132 (E.D. Cal. 2018).  Thus, the Court must deny the Motion without prejudice subject to a renewed motion to correct and/or clarify this issue.

**D. Notice Issues**

The Ninth Circuit has held that a combination of a long and short form notice is proper.  *Resnick v. Franck*, 779 F.3d 934 (9th Cir. 2015).  Both long and short form notices must include "sufficient detail simply to 'alert those with adverse viewpoints to investigate and to come forward and be hard.'"  *Id*. at 946 (quoting *Lane*, 696 F.3d at 826; citing *Rodriguez*, 563 F.3d at 962).  Such sufficient detail includes information about the class action; what action class members may take, the uncertain nature of the litigation; the amount of the settlement fund; the amount class counsel will seek in fees, litigation expenses, and incentive award; important deadlines; and contact information.  *Id*.; *see also Rodriguez v. West Publ'g Corp.*, 2007 U.S. Dist. LEXIS 74849, at *22 (C.D. Cal. Aug. 10, 2007) ("Proper notice should provide…(b) disclosure of any special benefit to the class representatives, (c) disclosure of attorneys' fees provisions…").

1   A notice must also include the necessary information for class members to review class counsel's
2   motion for attorney's fees. *Uschold v. NSMG Shared Servs., LLC*, 333 F.R.D. 157, 172-73 (N.D.
3   Cal. Oct. 8, 2019 (requiring the notice adequately advise the class how it can review class
4   counsel's written request for attorney's fees and costs); *Juarez*, 2022 WL 17722382, at *8-9
5   (requiring the notice to include information for how class members can review class counsel's
6   motion for attorney's fees) (citing *In re Mercury Incentive Corps. Sec. Litig.*, 618 F.3d 988, 993-
7   94 (9th Cir. 2010)); *Greer v. Dick's Sporting Goods, Inc.*, 2019 WL 4034478, at *9 (E.D. Cal.
8   Aug. 27, 2019).

Here, parties propose to utilize both a Long and Short Form Notice. In addition to neither Notice containing information about a release, *supra*, neither notice informs the class members about the total amount of the settlement fund, the amount of the incentive or service award Ayala is seeking, the requested amount in attorneys' fees and costs, or the deadline for filing the motion for attorneys' fees. The Long Form Notice does, however, inform class members where they can review the proposed class counsel's motion for attorneys' fees. While the Court understands that attorney's fees, costs, and the incentive award, are not being paid with money from the Settlement Fund, the settlement notice still must contain all necessary information for a class member to make an informed decision. *See Resnick*, 779 F.3d at 945-47; *Schaefer v. Overland Express Family of Funds,* 169 F.R.D. 124, 131 (S.D. Cal. Jul. 3, 1996) ("Generally, the notice must provide sufficient information about the case…to enable class members to make an informed decision about their participation.") (other citations omitted); *see also Shames v. Hertz Corp.*, Case No. 3:07-cv-02174-MMA-WMC (S.D. Cal. Nov. 14, 2007) (long form and short form notice included the maximum amount in attorneys' fees, costs, and expenses and the incentive payment sought even though parties agreed that such fees and costs would be paid separately from the settlement fund). The parties must update the Long and Short Form Notices so that both include the following information:

1. The total amount of the settlement amount in the Settlement Fund.
2. Plaintiff is seeking an incentive award of up to $5,000.00.
3. Proposed class counsel's estimated attorneys' fees and costs and that the Defendant

9

will not object to attorneys' fees up to $50,000.00.

4. The deadline to file a motion for attorney's fees, costs, and incentive award.

5. Inform class members how they can access the motion for attorney's fees, costs, and the incentive award and supporting materials.

Additionally, the Court has identified the following minor deficiencies in the proposed class notice:

1. On page 2 of the Long Form Notice, it cites the case number as 1:22-cv-00657-JLT-HBK." (Doc. No. 15 at 24). On September 7, 2023, the case number of this action was changed to 1:22-cv-00657-HBK. (Doc. No. 20). Parties must update the Long Form Notice with the proper case number.

2. The Short Form Notice states the case name, *Ayala v. Valley First Credit Union*, but it does not state the case number. Parties must include the case number, 1:22-cv-00657-HBK, after the case name in the first sentence of the Short Form Notice.

## CONCLUSION

For the reasons provided herein, the Court ORDERS the following:

1. Plaintiff's Motion, (Doc. No. 14), is DENIED *without prejudice* to the parties submitting a renewed motion to expand, correct and/or clarify the deficiencies noted above. To expedite the handling of this matter, the Court requests, if possible, that such renewed motion be filed within five (5) business days of this Order.

2. If Plaintiff files a renewed motion, she shall also specify the necessary number of days between the Court's anticipated issuance of any preliminary approval order and the date of any final approval hearing.

Dated:   September 26, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE