UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA AYALA, an individual, on behalf of herself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY FIRST CREDIT UNION,<br><br>Defendant. | Case No. 1:22-cv-00657-HBK<br><br>ORDER GRANTING JOINT STIPULATION TO ALLOW PERCENTAGE OF RECOVERY METHOD TO LIMITED EXTENT<br><br>(Doc. No. 29) |

Pending before the Court is the parties' joint stipulation to modify settlement agreement and release; or, alternatively, allow percentage of recovery notwithstanding the settlement agreement. (Doc. No. 29). On November 8, 2023, the Court granted preliminary approval of the class action settlement. (Doc. No. 25). The Court noted class counsel's estimate that attorneys' fees would not exceed $36,000, which would equate to 30% of the Settlement Fund. (*Id*. at 14). The Court found the estimated fees to be within the acceptable range, but expressly reserved ruling on proposed counsel's attorneys' fees until the motion for attorneys' fees is filed. (*Id*.).

As an initial matter, the Court denies the parties' request to modify the preliminary approval of the class action settlement, as it is only preliminary. The deadline set for Plaintiff to file any final approval motion, and any motion for attorneys' fees and costs, has not yet passed. (*Id*. at 19 (noting any motion should be filed no later than 28 days before the hearing regarding final certification of the class and final approval of the settlement on March 7, 2024)).

That said, the notice of pending class action and proposed settlement included notification that Defendant has agreed not to oppose counsel's motion for fees up to $50,000, and the estimated fees will not exceed $36,000, which represents 30% of the Settlement Fund Value of $120,000.  (Doc. No. 27 at 6).  The "modification" proposed by the parties does not change the amount estimated for attorney fees; and, in fact, the parties' joint stipulation indicates class counsel will now seek $30,000 which represents only 25% of the Settlement Fund Value.  (Doc. No. 29 at 2).  Considering this notification, and the agreement between the parties to allow for percentage of recovery method, the Court will grant the alternative request to consider a percentage of recovery method of calculating class counsel's attorney fees to the limited extent set forth herein.  Specifically, even when the parties have agreed on an amount, the court must award only reasonable attorneys' fees.  *See In re Bluetooth Headset*, 654 F.3d 935, 941 (9th Cir. 2011); *see also Briseño v. Henderson*, 998 F.3d 1014 (9th Cir. 2021) (in both pre- and post- certification settlements, the court must "examine whether the attorneys' fees arrangement shortchanges the class").  Courts also generally conduct a lodestar cross-check in evaluating the reasonableness of a percentage recovery of a common fund. *See In re Bluetooth Headset*, 654 F.3d 94 (district courts are encouraged to cross-check the two fee-calculation methods against one another).  Thus, regardless of the parties' request to allow a percentage of recovery method, Plaintiff must still file supplemental evidence in support of any forthcoming request for attorneys' fees and costs, including attorney billing records for the Court to fully evaluate the reasonableness of the request.  Nothing contained in this Order shall be construed as approving $30,000 as reasonable attorney fees.

ACCORDINGLY, it is hereby **ORDERED:**

The parties' Joint Stipulation to Modify Settlement Agreement and Release; or Alternatively Allow Percentage of Recovery Notwithstanding the Settlement Agreement (Doc. No. 29) is GRANTED to the limited extent that the Court will allow a percentage of recovery notwithstanding the settlement agreement when determining reasonable attorney fees.

Dated:     January 9, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE